| Summons | CIVIL DOCKET NO. 2285CV01132 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME:<br><br>Moises Quintanilha<br>Plaintiff(s)<br><br>vs.<br><br>FedEx Freight, Inc.<br>Defendant(s) | | Dennis P. McManus          Clerk of Courts<br>Worcester                            County<br>COURT NAME & ADDRESS:<br>Worcester Superior Court<br>225 Main Street<br>Worcester, MA 01608 |

THIS SUMMONS IS DIRECTED TO **FedEx Freight, Inc.** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

"A TRUE COPY ATTEST"

Stanley Wyzansky
Constable / Process Server

rev. 1/2019

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Breger _____, Chief Justice on _____, 20____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: October 24, 2022

rev. 1/2019

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2285CV01132 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Moises Quintanilha vs. Fedex Freight, Inc. | | Dennis P. McManus, Clerk of Courts |
| TO: Samuel Kennedy-Smith, Esq. Duddy Goodwin and Pollard 446 Main St 16th Floor Worcester, MA 01608 | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

## TRACKING ORDER -

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | | |
| Response to the complaint filed (also see MRCP 12) | | | |
| All motions under MRCP 12, 19, and 20 | | | |
| All motions under MRCP 15 | | | |
| All discovery requests **and depositions** served and non-expert depositions completed | | | |
| All motions under MRCP 56 | | | |
| Final pre-trial conference held and/or firm trial date set | | | |
| Case shall be resolved and judgment shall issue by | | | |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.**

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 10/07/2022 | Laurie Jurgiel | (508)831-2350 |

Date Filed 10/7/2022 2:02 PM
Superior Court - Worcester
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Worcester Superior Court (Worcester) |

| Plaintiff: Moises Quintanilha | Defendant: FedEx Freight, Inc. |
|---|---|
| ADDRESS: 5 Bruno Drive  Milton, MA, 01757 | ADDRESS: 8285 Tournament Drive, Building C  Memphis, TN, 38125 |
| Plaintiff Attorney: Samuel Kennedy-Smith | Defendant Attorney: |
| ADDRESS: Duddy Goodwin & Pollard  446 Main Street, 16th Floor  Worcester, MA 01608 | ADDRESS: |
| BBO: 685647 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | 151B Discrimination/Retaliation/Comp Retaliation | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

   Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)  $750,000.00
   Damages entitled to at law including compensatory emotional distress and trebling etc.

   TOTAL (A-F): $750,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X  Samuel Kennedy-Smith | Date: October 7, 2022 |
|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X  Samuel Kennedy-Smith | Date: October 7, 2022 |
|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference In Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action Involving an Incarcerated Party | (A) |
| PB1 Tortious Action Involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, ss | SUPERIOR COURT DEPARTMENT |

| | |
|---|---|
| MOISES QUINTANILHA<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX FREIGHT, INC.<br>Defendant. | C.A. No.: |

## COMPLAINT AND JURY DEMAND
### PARTIES

1. The Plaintiff resides in Milford, Massachusetts.

2. The Defendant, FedEx Freight, Inc. ("FedEx" or "Defendant"), is a foreign for-profit corporation with a Massachusetts Registered Agent at C T Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110 and a principal office located at 8285 Tournament Drive, Building C, Memphis, TN, 38125.

3. At all pertinent times, Plaintiff was employed by Defendant at their Worcester, Massachusetts facility.

### JURISDICTION

4. This Court has jurisdiction over this matter as the amount in controversy exceeds $50,000 and otherwise pursuant to G.L. c. 152, §75B.

1

5. Worcester County is the proper venue as the dispute arises out of acts and/or omissions occurring in that County and/or one or more of the parties are located in said County.

## FACTS

6. From March 2018 to May 2022, Plaintiff was employed as a driver by FedEx at their Worcester facility. In a typical workday, Plaintiff would be given a list of deliveries and was tasked with ensuring they were completed.

7. Prior to May 2022, Plaintiff had never been disciplined in writing nor had he received any negative written review or feedback.

8. On August 25, 2021, Plaintiff suffered an industrial injury to his left shoulder while closing a trailer door. Plaintiff filed a workers' compensation claim.

9. Plaintiff remained out of work for approximately three weeks after injury and collected Workers' Compensation indemnity benefits during that time.

10. Despite his pain, Plaintiff returned to work.

11. Subsequent to his return to work, Plaintiff's pain and symptoms progressively worsened. Consequently, his medical providers directed him to obtain further imaging.

12. Around early April 2022, Plaintiff informed his Manager Clinton Allison ("Allison") that he needed assistance in getting Workers' Compensation to approve an MRI. At all relevant times, Plaintiff informed his managers about his ongoing treatment needs, pain and symptoms.

13. Typically, Plaintiff worked 10 hours shifts. Each day, he was allowed a 30-minute lunch break. Additionally, Plaintiff was also given a 15-minute break in the morning prior to his lunch break and a 15-minute break in the afternoon after his lunch break.

14. In April of 2022, Plaintiff began consolidating his 15-minute breaks with his lunch break to have more time to rest and treat his shoulder. Plaintiff made all his deliveries. This modification was necessitated by his industrial injury.

15. On April, 28 2022, Allison informed Plaintiff that the GPS unit on his (Plaintiff's) truck showed him taking a longer lunch break. Shortly thereafter, Allison and Plaintiff had a phone call with Human Resources ("HR") regarding his longer breaks. Plaintiff explained that he took longer breaks because of his disability and was asked to submit a written statement.

16. HR then placed Plaintiff out of work pending an investigation. On April 29, 2022, HR called Plaintiff and asked whether Allison knew about his (Plaintiff's) injury. Plaintiff confirmed that Allison was aware. Thereafter, Plaintiff provided medical records substantiating his injury and ongoing treatment.

17. FedEx terminated the Plaintiff's employment via letter dated May 4, 2022. Plaintiff appealed the termination via an internal review procedure to no avail.

18. Upon information and belief, similarly situated white employees, and/or employees who had not suffered an industrial accident, who were also accused of taking too-long breaks and/or un-authorized breaks were not terminated.

19. Upon information and belief, similarly situated white employees and/or employees who had not suffered an industrial accident were not disciplined and/or did not face termination for alleged 'dishonesty and falsification of documents.'

20. The Plaintiff timely met each of the administrative prerequisites to suit under G.L. c. 151B and has otherwise satisfied all administrative pre-requisites for filing this action.

21. In the course of satisfying said administrative pre-requisites, FedEx was obligated to respond to specific allegations of Plaintiff related to disparate treatment of injured and/or minority employees such as the Plaintiff. FedEx did not refute or dispute such disparate treatment.

## COUNT I
## FAILURE TO ACCOMMODATE

22. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

23. Based on the foregoing, the Defendant failed to accommodate the Plaintiff pursuant to G.L. c. 151B, § 4(16) in that: (1) The Plaintiff was a qualified handicapped person; (2) Plaintiff could perform their job with, or without, a reasonable accommodation due to their handicap; (3) The Defendants were aware of Plaintiff's handicap and need for accommodation; (4) The Defendants were also aware of a means to reasonably accommodate Plaintiff's handicap, and, alternatively, failed to investigate a means to reasonably accommodate Plaintiff's handicap; and (5) The Defendants failed to provide a reasonable accommodation.

24. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

## COUNT II
## DISABILITY DISCRIMINATION

25. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

4

26. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 151B, § 4: (1) Plaintiff is a qualified handicapped person; (2) The Defendant knew Plaintiff was a handicapped person within the meaning of the law; (3) Plaintiff was able to perform the essential functions of the position with, or without, a reasonable accommodation; and (4) Plaintiff suffered an adverse employment action because of their disability.

27. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

## COUNT III
## NATIONAL ORIGIN DISCRIMINATION

28. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

29. At all times relevant to this Complaint, the Defendants was an employer within the meaning of G.L. c. 151B.

30. The Plaintiff is a member of protected classes as defined in G.L. c. 151B.

31. By the conduct alleged herein, the Defendant discriminated against the Plaintiff, including - but not limited to - harassing him, subjecting him to a hostile work environment, and treating him disparately from co-workers in violation of G.L. c. 151B.

32. As a direct and proximate result of the Defendant's discriminatory acts, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT IV

5

## RACE DISCRIMINATION

33. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

34. At all times relevant to this Complaint, the Defendants was an employer within the meaning of G.L. c. 151B.

35. The Plaintiff is a member of protected classes as defined in G.L. c. 151B.

36. By the conduct alleged herein, the Defendant discriminated against the Plaintiff, including - but not limited to - harassing him, subjecting him to a hostile work environment, and treating him disparately from co-workers in violation of G.L. c. 151B.

37. As a direct and proximate result of the Defendant's discriminatory acts, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT V
## RETALIATION IN VIOLATION OF CHAPTER 151B

38. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

39. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 151B, § 4(4): (1) Plaintiff engaged in protected conduct when Plaintiff took a leave of absence and/or requested a workplace accommodation; (2) Plaintiff was at all times a qualified handicapped individual capable of performing the essential functions of their job with, or without, reasonable accommodation; (3) Plaintiff suffered an adverse employment action; and (4) A causal connection exists between Plaintiff's protected activity and/or disability and that adverse action.

40. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

## COUNT VI
## INTERFERENCE WITH RIGHT TO BE FREE OF DISCRIMINATION

41. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

42. By the conduct alleged above, the Defendants coerced, intimidated, threatened or interfered with the Plaintiff's enjoyment of the right to be free of unlawful discrimination and acted in deliberate disregard of the Plaintiff's rights, in violation of G.L. c. 151B.

43. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

## COUNT VII
## RETALIATION G.L. c. 152, §75B

44. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

45. Additionally and/or alternatively, Plaintiff asserts that pursuant to G.L. c. 152 § 75B, Plaintiff engaged in protected activity in exercising a right afforded Plaintiff by G.L. c. 152, thereafter Defendant retaliated against, discriminated against and/or took adverse employment action against the Plaintiff, and a causal connection exists between said conduct on the part of the Defendant and Plaintiff's protected conduct.

46. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT VIII
## FAILURE TO PAY EARNED SICK TIME

47. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

48. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 149, §§ 148C: (1) Plaintiff had accrued earned sick time within the meaning of the law; (2) Defendant did not allow Plaintiff to utilize his accrued earned sick time and otherwise refused to pay as required by G.L. c. 149, § 148C.

49. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT IX
## EARNED SICK TIME INTERFERENCE/RETALIATION

50. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

51. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 149, §§ 148C(h),148C(i), 150: (1) Plaintiff engaged in protected conduct when he requested to and/or sought to take sick time under Massachusetts earned sick time laws; (2) Defendant interfered with, restrained or denied the Plaintiff from exercising or attempting to exercise a right or earned sick time under G.L. c. 149, §§ 148C; (3) Defendants thereafter took adverse employment action against the Plaintiff and/or otherwise retaliated against or acted

8

to restrain or deny the Plaintiff from taking earned sick time; and (4) A causal connection existed between that protected activity and Plaintiff's termination.

52. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

I. Judgment against the Defendant;

II. Damages, including compensatory (including double and/or trebled damages), emotional distress, punitive, and/or liquidated, to the Plaintiff, as authorized or mandated by applicable law, in an amount to be determined at trial;

III. Costs and any reasonable attorney's fees;

IV. Pre-judgment and post-judgment interest;

V. Appropriate injunctive, declaratory and other equitable relief; and

VI. Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

## JURY DEMAND

The Plaintiff demands a jury trial on all claims herein.

Dated: October 7, 2022

Respectfully submitted,
The Plaintiff,

By his attorneys,

/s/ Jamie Goodwin

/s/ Samuel Kennedy-Smith

Jamie Goodwin (BBO# 673207)
Samuel Kennedy-Smith (BBO# 685647)
Duddy Goodwin & Pollard
446 Main Street, 16th Floor
Worcester, MA 01608
jg@dgpfirm.com
sks@dgpfirm.com